# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN DIVISION

| | |
|---|---|
| BHUPENDRA KHONA, JENNIFER LUDGATE, BRIAN MANN, and LUCIA LUONG Individually and On Behalf of a Class of Similarly Situated Individuals,<br><br>        Plaintiffs,<br>v.<br><br>SUBARU OF AMERICA, INC.,<br><br>        Defendant. | Case No. 1:19-CV-09323-RMB-AMD<br><br>**FINAL ORDER AND JUDGMENT** |

This matter is before the Court on the following motions: (1) Plaintiffs' unopposed Motion for Final Approval of the parties' proposed class action settlement, which was preliminarily approved by the Court on October 14, 2020; and (2) Plaintiffs' unopposed Motion for Approval of Attorneys' Fees, Costs and Class Representative Service Awards. Having considered the written submissions and after hearing oral argument at the fairness hearing on June 11, 2021, the Court hereby grants Plaintiffs' unopposed Motion for Final Approval of the parties' settlement[1] and reserves its decision, pending supplemental briefing, regarding Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Expenses (Doc. No.

---

[1] This Final Order and Judgment incorporates herein and makes a part hereof the Settlement Agreement, including the Exhibits thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings for purposes of this Final Order and Judgment.

1

55) in which Class Counsel seeks $515,000 in attorneys' fees and expenses. The Court approves the incentive awards for the Class Representatives. This Court has personal jurisdiction over all Class Representatives, Settlement Class Members, and the Defendant for purposes of this settlement, and has subject matter jurisdiction to approve the SettlementAgreement. The grounds supporting these rulings follow.

## BACKGROUND

(1) This proposed class action was filed by four individuals who bought certain 2015 and 2016 Subaru Outback and Legacy vehicles. Plaintiffs alleged that Defendant Subaru of America, Inc. ("SOA") sold certain 2015 and 2016 Subaru Outback and Legacy vehicles without disclosing that the vehicles contain one or more alleged design and/or manufacturing defects that can cause their windshields to develop cracks originating in or passing through the deicer region, as described in Service Bulletin 12-192-15 (the "Condition").

(2) SOA previously extended the warranty for the Original Windshields in the Settlement Class Vehicles for damage caused by the Condition to five (5) years/unlimited miles and introduced an Enhanced Windshield containing Additional Identification Markings to address the Condition described in Service Bulletin 12-192-15.

(3) SOA does not believe Plaintiffs' claims are meritorious, but it has

concluded that settlement is desirable to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and completely, all claims of Plaintiffs and members of the Settlement Class for monetary and injunctive relief relating to the Condition.

(4)  In an Order dated October 14, 2020, the Court preliminarily approved the Settlement Agreement, the proposed notice plan, and the settlement class. Pursuant to the plan approved by the Court, notice was disseminated to the class. There were five purported objections by persons who received notice of the proposed settlement.

## SETTLEMENT TERMS

(5)  The Settlement Class is defined as: All persons or entities: (1) who own or lease any Settlement Class Vehicle in the continental United States with an Original Windshield; (2) own or lease (or previously owned or leased) any Settlement Class Vehicle in the continental United States and who paid out-of-pocket to replace an Original Windshield but who did not obtain full reimbursement of actual out-of-pocket expenses; or (3) whose Settlement Class Vehicle's Original Windshield was replaced due to the presence of the Condition with another Original Windshield.

(6)  The Settlement Agreement confers a Warranty Extension to provide benefits to the Settlement Class that apply to the Settlement Class Vehicles. Under the terms of the Warranty Extension, SOA will further extend the warranty for the

3

Original Windshields from the previous extension of five (5) years/unlimited miles to eight (8) years/unlimited miles. The Warranty Extension will include one free replacement only, and only Original Windshields are subject to the Warranty Extension. Notwithstanding the foregoing, to the extent any Original Windshields in Settlement Class Vehicles were not replaced with the Enhanced Windshields identified in Service Bulletin 12-192-15 or Replacement Windshields, but instead with windshields identical to the Original Windshields, such identical replacement windshields are subject to the Warranty Extension.

(7) The Settlement Agreement also establishes a Reimbursement Program that Settlement Class Members may be eligible for if they have paid out-of-pocket to have their vehicle's deicer-equipped Original Windshield replaced due to the Condition, provided that: (1) Settlement Class Members were not previously reimbursed by any other source (including without limitation an Authorized Subaru Retailer, via goodwill from SOA or any other way); (2) the reimbursement requested reflects actual out-of-pocket costs incurred by a Settlement Class Member who replaced his/her/its Original Windshield due to the issues covered by Service Bulletin 12-192-15; (3) the repair was/is performed within the durational limits of the Warranty Extension (*i.e.*, within the first eight years the vehicle is in service); and (4) in the case of a repair performed by a third-party aftermarket repair provider, any third-party repair must have occurred either: (a) after the prior warranty extension had expired but before the new warranty extension began or (b) before the

4

prior warranty extension expired provided that the Settlement Class Member presented his/her/its vehicle to and was denied coverage by an Authorized Subaru Retailer or an authorized Subaru repair facility. A Settlement Class Member shall not be entitled to recover the costs of repair charged by a third-party repair shop (*i.e.*, a facility other than an Authorized Subaru Retailer) under the Reimbursement Program for an otherwise valid Reimbursement Claim if the repair is conducted after fifteen (15) days following the Notice Date. For a Settlement Class Member who requires a re-mailed Notice, the Settlement Class Member shall not be entitled to recover the costs of repair charged by an independent repair shop under the Reimbursement Program for an otherwise valid Reimbursement Claim if the repair is conducted after fifteen (15) days following the date of the remailing of the Notice. If a Settlement Class Member has been previously reimbursed by SOA, a Subaru retailer, or an insurance provider for partial coverage of the repair, only the portion that was actually paid out-of-pocket is eligible for reimbursement.

(8)     SOA will pay all costs of notice and claims administration. SOA will also pay attorneys' fees, costs and incentive awards for Plaintiffs in an amount not to exceed five hundred and thirty-five thousand dollars ($535,000.00) in the aggregate.

## APPROVAL OF CLASS NOTICE

(9)     The class has been notified of the proposed settlement pursuant to the notice plan approved by the Court. After having reviewed the Post-Notice

Declaration of the Settlement Administrator, which was responsible for carrying out the notice program, the Court hereby finds that the notice was accomplished in accordance with the Court's directive. The Court further finds that the notice program constituted the best practicable notice to the settlement class under the circumstances and fully satisfies the requirements of due process, Fed R. Civ. P. 23, and 28 U.S.C. § 1715.

## APPROVAL OF THE SETTLEMENT

(10)   The Court finds that the parties' settlement is fair, reasonable and adequate in accordance with Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the settlement was reached at arms' length without collusion or fraud and satisfies all of the requirements for final approval. In making its determination the Court has considered the complexity, expense, and likely duration of the litigation if the settlement is not approved; the odds of the plaintiffs succeeding at trial balanced by the risks of continued litigation; the range of possible recovery if the case is tried; the opinions of class counsel and the class representatives; and the degree of opposition to the settlement. The Court finds that all of these factors weigh in favor of final approval of the settlement.

(11)   The Court finds that in all respects, the Settlement treats class members equitably in relation to each other, and that the method of distribution of relief is fair, appropriate and efficient. Those benefits that reasonably can be extended automatically (i.e., the warranty extension on Class Vehicles) have been extended

automatically. A claim form is required only for reimbursements, which is justified since SOA otherwise would not have all of the information necessary to determine the amount of and entitlement to the reimbursement. The method of processing those claim forms is likewise fair, reasonable, and adequate. Finally, there are no side agreements, only agreements expressed in the settlement itself.

(12) The settlement is finally approved and the parties are directed to consummate the settlement in accordance with its terms.

## CERTIFICATION OF THE SETTLEMENT CLASS

(13) The Court hereby certifies, for settlement purposes only, the following settlement class: All persons or entities: (1) who own or lease any Settlement Class Vehicle in the continental United States with an Original Windshield; (2) own or lease (or previously owned or leased) any Settlement Class Vehicle in the continental United States and who paid out-of-pocket to replace an Original Windshield but who did not obtain full reimbursement of actual out-of-pocket expenses; or (3) whose Settlement Class Vehicle's Original Windshield was replaced due to the presence of the Condition with another Original Windshield. Excluded from the Settlement Class are: (1) SOA, its parents, affiliates, and any entity or division in which SOA has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) any persons who have suffered personal injuries as a result of the alleged Condition; and (4) the twenty-three persons who timely and properly excluded themselves from

the Settlement Class as provided by this Court's Preliminary Approval Order, who are identified in Exhibit A to the Supplemental Declaration Of Jennifer M. Keough Regarding Settlement Administration (Doc. No. 56-7).

(14) Based on the record before the Court, the Court hereby finds that the following class Plaintiffs are adequate representatives of the settlement class for settlement purposes only: Bhupendra Khona, Jennifer Ludgate, Brian Mann and Lucia Luong. In so holding, the Court finds that for settlement purposes only the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the Settlement Class: the settlement class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the settlement class; the claims of the settlement class representatives are typical of the claims of the absent settlement class members; the settlement class representatives and settlement Class Counsel have and will adequately and fairly protect the interests of the settlement class with regard to the consolidated claims of the settlement class; and the common questions of law and fact predominate over questions affecting only individual settlement class members, rendering the settlement class sufficiently cohesive to warrant a class settlement.

(15) In making all of the foregoing findings, the Court has exercised its discretion in certifying the settlement class. SOA has preserved all of its defenses and objections against and rights to oppose certification of any proposed class in litigation, no matter how defined, if the settlement does not become final and

effective in accordance with the terms of the Settlement Agreement. Neither this Order nor the Settlement Agreement shall or does constitute any evidence or admission of liability by SOA, or an admission regarding the propriety of any certification of any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by any Released Party in connection with any action asserting Settled Claims.

(16) The Court finds that Mark S. Greenstone of Greenstone Law APC and Marc L. Godino of Glancy Prongay & Murray LLP have adequately represented the Settlement Class and are hereby appointed Class Counsel for purposes of the Settlement. Bhupendra Khona, JenniferLudgate, Brian Mann and Lucia Luong are hereby appointed as settlement class representatives.

## **APPLICATION FOR ATTORNEYS' FEES AND EXPENSES**

(17) The Court has reserved its decision on Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Expenses in which Class Counsel seeks an award of fees and costs in the amount of $515,000 (Doc. No. 55). This Court hereby orders supplemental briefing to be submitted no later than August 10, 2021 regarding the attorneys' fees and costs sought by Class Counsel as discussed during the final approval hearing.

## **SERVICE AWARDS**

(18) The Settlement Agreement provides that SOA, subject to the Court's

approval, will pay $5,000 to Bhupendra Khona, Jennifer Ludgate, Brian Mann and Lucia Luong for their service as settlement class representatives. The Court finds that payment of service awards is appropriate in this case in light of their work on behalf of the class. Accordingly, the Court hereby approves the awards. *See, e.g., Haas v. Burlington Cty.*, No. CV 08-1102 (NLH/JS), 2019 WL 413530, at *11 (D.N.J. Jan. 31, 2019). SOA is directed to pay to Class Counsel the sum of $20,000 for this purpose in accordance with the terms of the Settlement Agreement and, in turn, Class Counsel are directed to make the payments of $5,000 to each of the settlement class representatives.

## **OBJECTIONS TO THE SETTLEMENT**

(19)    The Court has received, reviewed, and fully-considered the objections of to the Settlement Agreement. The Court finds that these objections do not provide sufficient justification to withhold the grant of final approval to the proposed Settlement and as such, overrules them in their entirety.

## **FINAL JUDGMENT**

(20)    Except as set forth in Paragraph 17 of this Order, pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the settlement set forth in the Settlement Agreement, and finds that the settlement, the Settlement Agreement, and the plan of distribution of the settlement benefits are in all respects fair, reasonable, and adequate, and are in the best interest of the Settlement Class.

(21)    Upon the Effective Date of the Settlement Agreement, the Released

Parties shall be released and forever discharged by the Settlement Class Members from all Settled Claims. With respect to the Settled Claims, each Settlement Class Member expressly waives and releases, upon the Effective Date of the Settlement Agreement, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. <u>Certain claims not affected by general release</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing therelease, which if known by him or her must have materially affected his or her settlement with the debtor; or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

Each Settlement Class Member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the Settled Claims, but each Settlement Class Member expressly waives and fully, finally and forever settles and releases, upon this Order becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent Settled Claims whether concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Settlement Class Member also hereby expressly waives and fully, finally and forever settles and releases any and all Settled Claims it may have against the Released Parties under § 17200, *et seq.*, of the California Business and Professions Code.

(22) "Settled Claims" do not include claims relating to any Enhanced Windshield or Replacement Windshield. Settled Claims also do not include any

11

claim for actual personal injury arising from or in relation to the Condition. In any such action for actual personal injury, Settlement Class Members may not, however, claim or recover restitution or other economic damages allegedly attributable to the Condition.

(23) By reason of the settlement, and there being no just reason for delay, the Court hereby enters final judgment in this matter. Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose. Class Representatives, SOA, and each member of the Settlement Class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any

way, an improper venue or an inconvenient forum.

(24) Pursuant to the terms of the Settlement Agreement, this action is dismissed with prejudice as against the named plaintiffs, all members of the Settlement Class and SOA. The parties shall bear their own fees and costs except as provided by the Settlement Agreement. It is further adjudged that the named plaintiffs, on behalf of themselves and members of the class, shall be deemed conclusively to have compromised, settled, discharged, dismissed, and released any and all rights, claims, or causes of action against the Released Parties as provided for in the Settlement Agreement. No Settlement Class member, either directly, representatively or in any other capacity (other than a Settlement Class member who validly and timely elected to be excluded from the Settlement Class), shall commence, continue or prosecute against any or all Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.

(25) The fact that the parties have reached a settlement and that they have participated in proceedings related to the settlement are not and should not be (i) offered or received as evidence of a presumption, concession, or an admission by any party, or (ii) offered or received as evidence of a presumption, concession, or any admission of any liability, fault, wrongdoing or other dereliction of duty; provided, however, that reference may be made to the Settlement Agreement as may be necessary to effectuate or enforce its provisions.

(26) In the event that the Settlement does not become effective according to the terms of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

For the foregoing reasons, the Court GRANTS Plaintiffs' Unopposed Motion for Final Approval (Doc. No. 54) and ORDERS $5,000 be awarded to each named plaintiff ($20,000 total) as Class Representative Service Awards pursuant to the motion filed as Doc. No. 55. The Court further RESERVES its decision on Plaintiffs' unopposed Motion for Attorneys' Fees and Reimbursement of Expenses (Doc. No. 55) only as to the issue of attorney's fees and expenses subject to further briefing. Plaintiffs shall file such supplemental briefing by August 10, 2021.

**SO ORDERED**, this 8th of July, 2021.

_____
HONORABLE RENEE MARIE BUMB
UNITED STATES DISTRICT JUDGE