**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| BHUPENDRA KHONA, *et al.*, <br><br>            Plaintiffs, <br><br>      v. <br><br> SUBARU OF AMERICA, INC., <br><br>            Defendant. | Civil No. 19-9323 (RMB/AMD) <br><br> **MEMORANDUM OPINION & ORDER** |

**APPEARANCES**
Lee Albert
Glancy Prongay & Murray LLP
230 Park Avenue, Suite 358
New York, New York 10169

   *On behalf of Plaintiffs*

Casey Gene Watkins
Justin E. Kerner
Ballard Spahr LLP
700 East Gate Drive, Suite 330
Mt. Laurel, New Jersey 08054

   *On behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge**

   This matter comes before the Court upon the supplemental brief in support of a Motion for Attorney Fees brought by Plaintiffs. [Docket Nos. 55, 72.] For the reasons expressed herein, the Court will grant Plaintiffs' unopposed Motion.

"The Court begins its analysis by noting that the awarding of fees is within the district court's discretion." *Rossi v. P&G*, Civil No. 11-7238 (JLL), 2013 U.S. Dist. LEXIS 143180, at *25 (D.N.J. Oct. 3, 2013) (citing *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 727 (3d Cir. 2001)). When parties have reached an agreement with respect to attorney's fees, the court may award them so long as they are "reasonable." FED. R. CIV. P. 23(h); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "While the Court is not bound by the agreement between the parties, the fact that the award was the product of arms-length negotiations," as has occurred here, "weighs strongly in favor of approval." *Rossi*, 2013 U.S. Dist. LEXIS 143180, at *10.

Additionally, the parties here only negotiated a fee agreement after they had substantially agreed upon a settlement of the merits of the suit. [*See* Docket No. 72-1, ¶ 10.] Moreover, the fees agreement in no way diminishes the settlement fund because, in this instance, they are being paid independently of the class settlement. [*See* Docket No. 43-1, ¶ 11.1.] This "greatly reduce[s]" the "Court's fiduciary role in overseeing the award . . . , because there is no potential conflict of interest between attorneys and class members." *Rossi*, 2013 U.S. Dist. LEXIS 143180, at * 26–27 (citing *McBean v. City of New York*, 233 F.R.D. 377, 392 (S.D.N.Y. 2006)). Courts "routinely approve" such agreements. *Id.* at *27 (citing numerous cases). Therefore,

as a general matter in this case, the Court's role in scrutinizing the fee agreement is limited.

"The Court of Appeals for the Third Circuit has expressly stated that counsel's lodestar is to be used as a 'cross-check' on any request percentage fee award." *Id.* at *28 (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 256 (3d Cir. 2001).

> A court determines an attorney's lodestar award by multiplying the number of hours he or she reasonably worked on a client's case by a reasonable hourly billing rate for such services given the geographical area, the nature of the services provided, and the experience of the lawyer. After arriving at this lodestar figure, the district court may, in certain circumstances, adjust the award upward or downward to reflect the particular circumstances of a given case. These calculations should be reduced to writing.

*Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) (citations omitted).

Here, Class Counsel spent approximately 1219 hours on this matter, at rates that ranged between $225 per hour for a paralegal and $850 per hour for a partner. [*See* Docket No. 72, at 1–2.] The Court notes that those hourly rates are reasonable here. *See, e.g.*, *Li v. Aeterna Zenaris, Inc.*, Civil No. 14-7081 (TJB) (D.N.J. June 1, 2021) (approving rates of up to $970 per hour); [*see also* Docket No. 72, at 1–4]. The lodestar award in this matter, therefore, is $744,868.75. [Docket No. 72, at 22; *see also id.* at 8–21 (separating out hours billed for different aspects of the case by different employees).] While the Court ultimately finds these calculations to be reasonable based on the work performed and the hourly rates, it does question the necessity of two top partners spending a combined 71.3 hours on "post-settlement motion

3

practice," totaling fees of $58,290. [*See id.* at 20–21.] Nevertheless, the Court deems those charges to be within—though certainly on the higher end—the range of what is acceptable here.

Moreover, the Court's concerns are quelled somewhat by the fact that, despite Class Counsel having accrued nearly $750,000 in lodestar fees, the award sought is less: $484,520.65. [*See id.* at 2.] This, in addition to $50,479.35 in costs, equals a total agreement of $515,000, which means that Class Counsel's lodestar multiplier is 0.69. [*Id.* at 2, 28.]

In sum, (1) the fee agreement was the result of arms-length negotiations; (2) the fee agreement does not reduce the settlement fund that will go towards class members; and (3) the lodestar cross-check indicates that the fee agreement is reasonable. As such, this Court finds that the fee agreement is reasonable. Therefore,

**IT IS**, this **20th** day of **October** **2021**, hereby

**ORDERED** that the Court finds that the fees and expenses awarded to Class Counsel are reasonable in light of the complexity of the case, the work performed, and the results achieved; and it is further

**ORDERED** that Plaintiffs' Motion for Attorney Fees [Docket No. 55] is **GRANTED**; and it is finally

**ORDERED** that the Court hereby grants to Class Counsel an award of fees and expenses in the amount of $515,000.00 as provided in the Settlement

Agreement, which the Court finds to be fully supported by the facts and applicable law.

                                                          s/Renée Marie Bumb
                                                          RENÉE MARIE BUMB
                                                          United States District Judge